United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURA SYLVIA MENDOZA GOVAN,<br><br>    Defendant.<br>_____/ | No. C 13-05488 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT** |

A motion by plaintiff G & G Circuit Events LLC to alter or amend the judgment is currently scheduled for a hearing on October 15, 2014. Docket No. 23 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion to alter or amend the judgment.

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, brought suit against defendant Laura Sylvia Mendoza Govan d/b/a Kimball's Carnival. The complaint alleges that defendant showed a boxing match in her commercial establishment, Kimball's Carnival, without a license. Docket No. 1, Compl. ¶¶ 7-12. Plaintiff's complaint alleges that defendant is liable under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, et seq., for receiving, intercepting and assisting in the receipt or interception of licensed programming, and also

alleges the common law tort of conversion and violation of California Business and Professions Code §§ 17200, et seq. *Id.* ¶¶ 13-41. Plaintiff's hired private investigator was present on the evening of the fight, December 1, 2012, in defendant's establishment and saw the program *"Showdown;" Miguel Cotto v. Austin Trout WBA World Light Middleweight Championship Fight* being broadcasted on three televisions. *See* Docket No. 17-3, Poblete Affidavit.

On November 26, 2013, plaintiff filed a complaint against defendant, who never responded. Docket No. 1. On March 18, 2014, the Clerk entered default against defendant. Docket No. 15. On May 23, 2014, the Court granted plaintiff's motion for default judgment and awarded plaintiff $2,000 in statutory damages.[1] Docket No. 20. By the present motion, plaintiff moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket No. 23.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). "Reconsideration [of the judgment] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). Moreover, a Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008 ); *accord Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th

---

[1] The Court declined to award plaintiff enhanced damages or damages for its conversion claim. Docket No. 20.

2

1 Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first
2 time when they could reasonably have been raised earlier in the litigation." (emphasis in original)).

## DISCUSSION

Plaintiff argues that the Court should alter or amend the default judgment because the Court's prior order was "clearly in error." Mot. at 2. Plaintiff argues that the Court's statutory damages award of $2,000 "is not an effective deterrent" and that "it is more likely that such an award will have the opposite effect." *Id.* at 5. Plaintiff next argues that other courts in this district have awarded enhanced damages. *See id.* at 5-8. Plaintiff also argues that "the Court's award is out of sync with the suggestions of the Ninth Circuit" regarding appropriate piracy awards. *Id.* at 8. Finally, plaintiff argues that the Court should have awarded him damages for his conversion claim because California courts have found that the misappropriation of intangible property can give rise to a claim for conversion. *See id.* at 9-10.

However, all of the above arguments are arguments that either were made or could have been made earlier. As the Supreme Court has stated, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n.5. Further, the Court notes that district courts frequently award the statutory minimum or slightly over the statutory minimum in damages in similar cases.[2] In addition, the majority of plaintiff's arguments merely show his disagreement with the Court's damages award. "A party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

---

[2] *See, e.g., J & J Sports Prods. v. Leonard*, Case No. 13-CV-02394-LHK, 2014 U.S. Dist. LEXIS 51476, at *13 (N.D. Cal. April 14, 2014); *J & J Sports Prods. v. Machuca*, Case No. 2:13-CV-1076-JAM KJN, 2014 U.S. Dist. LEXIS 45745, at *22 (E.D. Cal. April 1, 2014); *J & J Sports Prods. v. Deleon*, Case No. 5:13-CV-02030-EJD, 2014 U.S. Dist. LEXIS 4070, at *9 (N.D. Cal. Jan. 14, 2014); *J & J Sports Prods. v. Leger*, Case No. 13-CV-02071-SC, 2013 U.S. Dist. LEXIS 173213, at *11 (N.D. Cal. Dec. 10, 2013); *J & J Sports Prods. v. Castro*, Case No. 12-CV-05767-LHK, 2013 U.S. Dist. LEXIS 165862, at *13 (N.D. Cal. Nov. 20, 2013); *J & J Sports Prods. v. Saucedo*, Case No. 12-CV-05776-LHK, 2013 U.S. Dist. LEXIS 155148, at *12 (N.D. Cal. Oct. 28, 2013); *J & J Sports Prods. v. Bracamontes*, Case No. 11-CV-03713 YGR, 2013 U.S. Dist. LEXIS 38480, at *8-9 (N.D. Cal. March 19, 2013).

3

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the judgment. Docket No. 23.

**IT IS SO ORDERED.**

Dated: July 24, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4